decided that the record of a will proved in the probate court of another state by the testimony of only one of the witnesses should not be recorded in this state, and in the case of Matter of the Will of Coope, 53 Misc. Rep. 509, 103 N. Y. Supp. 431, the contrary was held. When the opinions, and the dissenting opinion, in the case of Meiggs v. Hoagland in its three trials and appeals (68 App. Div. 182, 74 N. Y. Supp. 234; 80 App. Div. 632, 80 N. Y. Supp. 1140; 41 Misc. Rep. 4, 83 N. Y. Supp. 603, affirmed without opinion on appeal) are perused in the light of the point actually involved in that case, it does not seem easy to say that any point of law was settled thereby.

Judgment for the plaintiff.

Judgment for plaintiff on submission of controversy, with costs. All concur.

---

(128 App. Div. 205.)

## In re DURYEA'S ESTATE.

### ANGUS v. COMPTROLLER OF STATE OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

TAXATION—TRANSFER TAX—PARTIES LIABLE—WIDOW OF ADOPTED SON OF TESTATOR—"WIDOW OF A SON."

    Transfer Tax Law (Laws 1896, p. 869, c. 908) § 221, as amended by Laws 1905, p. 829, c. 368, provides that, when property of the value of less than $10,000 passes by any such transfer to or for the use of any wife or widow of a son, such transfer of property shall not be taxable. Held, that the widow of an adopted son, who under Domestic Relations Law (Laws 1896, p. 227, c. 272) § 64, was a son of the testator, with all the results which that relation implies was the "widow of a son," within the meaning of the act.

Appeal from Order of Surrogate, Rockland County.

In the matter of the transfer tax on the estate of William Duryea, deceased. From an order of the surrogate of Rockland county, Catherine W. Angus, formerly Catherine W. Duryea, appeals. Reversed, and order modified.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John N. Blair, for appellant.
Thomas H. Lee, for respondent.

RICH, J. This appeal presents a single question, viz., is the widow of an adopted son the "widow of a son" within the meaning and intendment of those words as used in the transfer tax law? Section 221 of that law (Laws 1896, p. 869, c. 908), as amended by chapter 368, p. 829, of the Laws of 1905, provides:

"When property real or personal or any beneficial interest therein, of the value of less than ten thousand dollars, passes by any such transfer to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of a son, or the husband of a daughter * * * such transfer of property shall not be taxable under this act; if real or personal property, or any beneficial interest therein, so transferred is of the value of ten thousand dollars or more, it shall be taxable under this act at the rate of one per centum upon the clear market value of such property."

· The appellant is the widow of a deceased adopted son of the testator, under whose will she takes an estate of the value of $53,087.50, upon which a·transfer tax of 5 per centum, amounting to $2,654.37, was assessed by an order of the surrogate, from which order an appeal ·was taken to the surrogate under the provisions of the statute, who upon the hearing dismissed such appeal, and from the order accordingly entered this appeal is taken.

We think the case is controlled by the rule declared in Matter of Cook, 187 N. Y. 253, 79 N. E. 991. In that case the question presented was whether succession through the bequest of a foster parent, by the descendant of an adopted child, was to be taxed at the rate of 1 or 5 per cent., and it was held that, although not named in hæc verbæ in the transfer tax act, the rate of taxation was the same as if the adopted child had "sprung from the loins of the testator" instead of being an adopted daughter. See, also, Von·Beck v. Thomsen, 44 App. Div. 373, 60 N. Y. Supp. 1094. The appellant being the widow of an adopted son, who by the provisions of section 64 of the domestic relations law (Laws 1896, p. 227, c. 272) was a son of the testator, with all the results which that relation implies, is the "widow of a son" within the fair and legal intendment of the statute, and entitled to the benefit of its exemption. Matter of Miller, 110 N. Y. 216, 18 N. E. 139, cited by the learned counsel for the Comptroller, in which it was held that the word "children" as used in the statute did not include an adopted child, was based upon the provisions of chapter 483, p. 820, Laws of 1885, which was in effect when the order appealed from in that case was made. Subsequently, however, that statute was amended so that there was added to the legal rights of an adopted child that of inheritance, and the statute says:

"And the heirs and next of kin of the child so adopted shall be the same as if the said child was the legitimate child of the person so adopting," etc.

The right of succession by the appellant was subject to taxation at the same rate as if her husband—in the words of the court in Matter of Cook—"had sprung from the loins of the testator."

⟨ The order of the surrogate must be reversed, and the decree modified by reducing the transfer tax therein fixed and assessed from $2,-654.37 to the sum of $530.87, with costs to the appellant. All concur.