In re STOCKWELL'S ESTATE.

(Surrogate's Court, New York County. April 3, 1916.)

TAXATION ⚙➡895(6)—TRANSFER TAXES—ASSESSMENT—DEDUCTION.

Though the executor of deceased compromised claims by next of kin, paying them a large sum, such sum will not be deducted from the assets of the estate for the purpose of assessing the transfer taxes; the state not being a party to the compromise, and the assets passing under the will.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. ⚙➡895(6).]

In the matter of the estate of Marie L. Stockwell. From the report of the appraiser assessing transfer taxes, the executor appeals. Order fixing tax affirmed.

Coleridge A. Hart, of New York City, for executor.

Lafayette B. Gleason, of New York City (Schuyler C. Carlton, of New York City, of counsel), for state comptroller.

FOWLER, S. In the verified schedules submitted to the appraiser on behalf of the estate it was alleged that:

"In the proceedings to probate the will of the decedent a contest was threatened by certain next of kin  *  *  *  and in order to avoid the expense, delay and uncertainty of litigation I compromised and settled said claims and paid out of the estate therefor $25,500."

The executor asked that this amount be allowed as a deduction from the assets of the estate, and the appraiser refused to make such an allowance. The executor has taken this appeal from the order entered upon the appraiser's report.

It is not alleged that objections had been filed to the probate of the will or that litigation had been commenced. The will was duly probated and the estate of the decedent was transferred in accordance with the provisions of the will. The state of New York was not a party to the compromise arrangement and is not bound by it. As the transfer tax is imposed upon the transfer of the property effected by the will, the state of New York is entitled to a tax upon the various interests bequeathed by the testator to the legatees mentioned in his will. Matter of Cook, 187 N. Y. 253, 79 N. E. 991. The amendment effected by chapter 706 of the Laws of 1910 did not affect the principle of the decision in the Matter of Cook, as that amendment merely provided that the rate of taxation is to be determined by the value of the interest of the legatee or distributee. The tax is still imposed upon the value of the property transferred by will, and not upon the value of the property received by a legatee because of a compromise agreement.

Order fixing tax affirmed.

⚙➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes