Matter of the Estate of Annie E. Barnaby, Deceased.

(Surrogate's Court, New York County, August, 1918.)

Transfer tax — the word "child" as used in section 221 of Tax Law includes "adopted child."

The word "child," as used in section 221 of the Tax Law relating to exemptions affecting taxable transfers, applies to and includes an adopted child.

Appeal from an order fixing the transfer tax.

Middlebrook & Borland, for petitioner.

Fowler, S.  This appeal is taken by the executrix from the report of the appraiser and the order entered thereon on the ground that an exemption of $5,000 was not allowed in fixing a tax on the sum of $185,061.55, passing to Mary Lewis Kirkman, who was adopted by the testatrix " in conformity with the laws of this state." The decision of the question involved requires an interpretation of sections 221 and 221-a of the Tax Law. Section 221 provides, under the caption " Exceptions and Limitations," in part as follows: " * * * There shall also be exempted from and not subject to the provisions of this article all property or any beneficial interest therein so transferred to any father, mother, husband, wife, widow or child of the decedent, grantor, donor or vendor if the amount of the transfers to such father, mother, husband, wife, widow or child is the sum of five thousand dollars or less; but if the amount so transferred to any father, mother, husband, wife, widow or child is over five thousand dollars, the excess above these amounts, respectively, shall be taxable at the rates set forth in

the next section.''   Section 221-a under the caption
'' Rates of Tax '' provides: '' Upon all transfers tax-
able under this article of property or any beneficial
interest therein in excess of the value of five thousand
dollars, to any father, mother, husband, wife or child
of the decedent, grantor, donor or vendor, or to any
child adopted as such in conformity with the laws of
this state, of the decedent, grantor, donor or vendor
* * * the tax on such transfers shall be at the rate
of one per centum on any amount up to and including
the sum of twenty-five thousand dollars.''   The ques-
tion is whether the word '' child '' as used in the
exempting section (221) should be construed as exclud-
ing from its signification an adopted child; for if it
is to be so interpreted, then the entire amount of the
legacy to Mary Lewis Kirkman would be subject to the
tax, since it exceeds the sum of $5,000.   Section 10 of
the original Adoption Act (Laws of 1873, chap. 830)
provided *inter alia* as follows: ''A child, when adopted,
shall take the name of the person adopting, and the
two henceforth shall sustain toward each other the
legal relation of the parent and child, and have all
the rights and be subject to all the duties of that rela-
tion, excepting the right of inheritance, * * *.''
The first act which taxed the estates of decedents was
chapter 483 of the Laws of 1885.   No mention was
made in the statute of an adopted child.   The Court
of Appeals held in *Matter of Miller,* 110 N. Y. 216,
that an adopted child was not intended by the word
'' child '' used in the act.   By chapter 703 of the Laws
of 1887 section 10 of the Adoption Act was amended
so as to read in part as follows: ''A child, when
adopted, shall take the name of the person adopting,
and the two henceforth shall sustain toward each other
the legal relation of parent and child, and have all the
rights and be subject to all the duties of that relation,

including the right of inheritance, and the heirs and next of kin of the child so adopted shall be the same as if the child was the legitimate child of the person so adopting, * * *.'' At the same session the Collateral Inheritance Tax Law above referred to (Laws of 1885, chap. 483) was amended by chapter 713 of the Laws of 1887 so as to add to the exempted class ''any child or children adopted as such in conformity with the laws of the state of New York.'' Chapters 703 and 713 became laws on the same day in 1887, June 25. The grouping of the words '' child adopted as such in conformity with the laws of the state of New York '' with the word '' child,'' was preserved in the exempting clauses of the various acts providing for the taxing of transfers down to but not in the act of 1916, which is the present law. Section 10 of chapter 703 of the Adoption Act became section 64 of the Domestic Relations Law and is now section 114 of that statute. The Court of Appeals in *Matter of Cook*, 187 N. Y. 253, held that by reason of the provisions of the Domestic Relations Law the interest passing to a child of an adopted child, although not designated in the act taxing transfers as being in the exempted class, was to be assessed at the same rate as if the adopted child was an actual child of the testator. In *Matter of Duryea*, 128 App. Div., 205, the court held that the widow of an adopted son, although not so specified in the act, was entitled to the exemption given in the statute to the '' widow of a son,'' because by the provisions of the Domestic Relations Law the adopted son was the son of the testator. Applying the reasoning of the courts in the cases cited to the provisions of the act now under consideration, it seems to me that the word '' child '' in section 221 applies to and includes an adopted child. The conclusion which I have reached is not in conflict with the views expressed in the opin-

ion of this court in *Matter of Benson,* 99 Misc. Rep. 222, and N. Y. L. J. May 1, 1917. The question there involved was as to whether an adopted child inherited from the natural children of the foster parents, and it was held that the words " brother, sister," in section 221 of the Tax Law, did not include a person legally adopted by the parents of the decedent. The order fixing tax will be reversed and the appraiser's report remitted to him for correction as indicated.

Order reversed.