In the Matter of the Estate of ANNE H. BUTLER, Deceased.

Surrogate's Court, New York County, April 16, 1927.

**Taxation — transfer tax — word " father," as used in Tax Law, §§ 221, 221-a, includes adoptive father — adoptive father entitled to exemption, under Tax Law, § 221, and to be taxed in one per cent class, under § 221-a.**

The word " father," as used in sections 221 and 221-a of the Tax Law, includes within its signification an adoptive father.

Accordingly, an adoptive father, who receives by intestacy the estate of his daughter, is entitled, on the assessment of the transfer tax, under section 221 of the Tax Law, to an exemption of $5,000, and is further entitled, under section 221-a, to be taxed in the one per cent class.

APPEAL by administratrix from report and order of transfer tax appraiser.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Otis T. Bradley* of counsel], for the administratrix.

O'BRIEN, S. This is an appeal by the administratrix from the report of the appraiser and the order entered thereon on the ground that an exemption of $5,000 was not allowed in fixing the tax on a sum of $35,080.76 transferred to an adoptive father, and upon the further ground that the adoptive father was taxed in the five per cent class rather than in the one per cent class. The decedent died on the 25th day of March, 1926. She had been legally adopted in pursuance of the laws of the State of Connecticut on February 21, 1924. The entire estate of decedent passes by intestacy to the decedent's father, the adoptive mother having predeceased the child.

The appeal should be sustained. There is uncontroverted proof in the record that the laws of the State of Connecticut are substantially similar to ours and hence the child comes within the provisions of our Tax Law as if she had been adopted under the laws of the State of New York. (*Matter of Lovejoy*, N. Y. L. J. Nov. 22, 1922.) The question involved requires interpretation of sections 221 and 221-a of the Tax Law. Section 221 (as amd. by Laws of 1925, chap. 143), under the caption " Exceptions and

limitations," is in part as follows: " There shall also be exempted from and not subject to the provisions of this article all property or any beneficial interest therein so transferred to any father, mother, husband, wife, widow or child of the decedent, grantor, donor or vendor if the amount of the transfers to such father, mother, husband, wife, widow or child is the sum of five thousand dollars or less; but if the amount so transferred to any father, mother, husband, wife, widow or child is over five thousand dollars, the excess above these amounts, respectively, shall be taxable at the rates set forth in the next section."

Section 221-a (added by Laws of 1911, chap. 732, as amd. by Laws of 1921, chap. 476), under the caption " Rates of tax," provides in part: " Upon all transfers taxable under this article of property or any beneficial interest therein in excess of the value of five thousand dollars, to any father, mother, husband, wife, or child of the decedent, grantor, bargainor, donor or vendor, or to any child adopted as such in conformity with the laws of this State, of the decedent, grantor, bargainor, donor or vendor,   *   *   *   the tax on such transfers shall be at the rate of

" One per centum on any amount up to and including the sum of twenty-five thousand dollars;

" Two per centum on the next seventy-five thousand dollars or any part thereof;   *   *   *."

We are required to decide whether the word " father " as is used in these sections includes within its significance an adoptive father. Section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608) provides in part: " The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other,   *   *   *   and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting,   *   *   *."

In *Matter of Cook* (187 N. Y. 253) the Court of Appeals held that although section 221 of the Tax Law did not designate an adopted child as being in the exempted class, a transfer to the adopted child was to be assessed at the same rate as if the adopted child was a natural child of the testator.

In *Matter of Barnaby* (104 Misc. 362; affd., 189 App. Div. 929; affd., 228 N. Y. 517) it was held that the word " child " as used in section 221 of the Tax Law relating to exemptions affecting taxable transfers included an adopted child. *Matter of Duryea* (128 App. Div. 205) held that under this same section 221 of the Transfer Tax Law, the widow of a legally adopted son is the widow

of a son within the meaning of the statute and that a bequest to such widow was taxable at the one per cent rate. Applying the same reasoning as that of the courts in these cases I conclude that the word " father " as used in sections 221 and 221-a of the Tax Law includes within its signification an adoptive father.

The order fixing tax will, therefore, be reversed and the appraiser's report remitted to him for correction in accordance with this decision. Submit order accordingly.