In the Matter of the Estate of CHARLES H. HASTINGS, Deceased.

Surrogate's Court, New York County, May 10, 1944.

*Michael H. Cardozo, Jr.,* for Irving Trust Company, as executor, petitioner, and Irving Trust Company, as trustee, respondent.

*Edwin T. Murdoch* and *James N. Vaughan* for Ernest C. May, as executor, petitioner, and Ernest C. May, donee of a power in trust, and another, respondents.

*Forrest M. Anderson* for Edward L. Center and others, respondents.

*Hamilton McInnes* for State Tax Commission.

*Nathaniel L. Goldstein, Attorney-General (Harry F. Karst* of counsel), for State of New York.

*Thomas A. Ryan,* special guardian for Susan Center, an infant.

DELEHANTY, S. The executors appeal from a *pro forma* order assessing the New York estate tax. They allege that the State Tax Commission erroneously included in the net estate subject to tax a sum paid to compromise objections filed to the probate of the will of deceased. The executors rely upon *Matter of Cook* (187 N. Y. 253) which held that a sum paid to a widow in settlement of a will contest instituted by her was taxable under the then extant Transfer Tax Act at a 5% rate though under such Transfer Tax Act benefits passing to a widow were taxable at only 1%. The court in the *Cook* case held that, since the estate vested at the moment of death,

the consideration which passed to the widow for her withdrawal of the will contest was payment out of a fund belonging to deceased's nephews and nieces who had assigned their shares in the residuary to the widow. The court in the *Cook* case said among other things (p. 259): " The compromise did not change the will. No settlement could change a word that the testator wrote. The will stands as it was written, and the most solemn instrument, executed by all parties interested, could not convert a bequest to the nephews and nieces into a bequest to the widow. * * * Here the legatees took the residuum under the will. They succeeded the testator in the ownership thereof and their succession gives rise to the tax. The widow did not take the residue from the testator, for he did not give it to her. She took as assignee, not as legatee. Unless she took as assignee, she did not take at all."

The executors ask the court to apply the principle in the *Cook* decision to the situation here. They say that they succeeded to the residuary at the instant of death holding it in trust for the charitable purposes prescribed in the will of deceased. They say that in the protection of that charitable purpose and to facilitate it and to prevent expense in litigation over the will they paid the settlement figure out of moneys which deceased had devoted to a charitable use. They assert that the analogy to the *Cook* case is so strong as to bar the application of any other principle to the decision of the appeal. On the other hand, the State Tax Commission asserts that the tax was properly assessed under the Estate Tax Law operative when deceased died. Adverting to the similarity in text of the Federal and State Estate Tax Laws and to *Matter of Cregan* (275 N. Y. 337) and *Matter of Weiden* (263 N. Y. 107), the Commission argues that the rule established in the Federal cases should be followed.

In *Lyeth* v. *Hoey* (305 U. S. 188) it was held that a fund received by an heir through compromise of a will contest was acquired by inheritance though the will did not give it to him. The case held that the heir was not liable for income tax on the fund received. The principle of the case just cited was held to be controlling in *In Re Sage's Estate* (122 F. 2d 480, certiorari denied 314 U. S. 699) and in *Thompson's Estate* v. *Commissioner of Internal Rev.* (123 F. 2d 816). In both these cases the courts held that moneys paid to relatives in compromise of a contest were to be deemed moneys inherited. In the *Sage* case the court construed the applicable text of the Internal Revenue Law and held that on the basis of a statutory

construction as well as on the principle of *Lyeth* v. *Hoey* (*supra*) the exemption applicable to the charitable gift must exclude the sum paid in satisfaction of the contest. Since subdivision 3 of section 249-s of our Tax Law is in text like to the Federal statute [Internal Revenue Code, § 812, subd. (d)] it should be given like construction under *Matter of Cregan* and *Matter of Weiden* (*supra*).

The argument based on *Matter of Cook* (*supra*) is not convincing. The court there was dealing with statutory text other than that before this court. It had before it no question respecting the area of authorized exemption of charitable gifts. The text quoted from the decision in the *Cook* case and other text in the opinion may seem to state principles of law of general application, but such statements are to be read in the light of the facts of the case and are to be read especially against the background of ideas of taxation existent at the time of the decision. Limitation of the extent to which charitable gifts will be excluded in determining an estate tax is indisputably within the power of the taxing sovereign, whether State or nation. The written formula adopted by both sovereigns has been construed in a manner which must defeat the executors' position here. Apart from the matter of statutory construction it has also been repeatedly said in the Federal cases that money paid to a distributee of a deceased in settlement of his contest of a will reaches the contestant as an inheritance. If this court were dealing with a transfer tax it would perhaps be bound to say that the controlling authority in this State (*Matter of Cook, supra*) would require disregard of the Federal holding as to the nature of the payment. Dealing with an Estate Tax Law however and with the subject matter of charitable exemptions the court cannot say that there is any conflict between *Matter of Cook* and the Federal authorities. This court is bound under *Matter of Cregan* and *Matter of Weiden* (*supra*) to follow the Federal cases in the application of the Estate Tax Law of this State. So directed, the court must hold that the appeal of the executors is without basis. Accordingly the order fixing the estate tax is confirmed.

Submit, on notice, order accordingly.