**In the Matter of the ESTATE OF James W. BARNARD, Deceased.**

**Kaeli J. MOORE, Minor, Appellant and Cross–Appellee,**

v.

**Henry J. WILTFANG, Appellee and Cross–Appellant.**

**No. 92CA1098.**

Colorado Court of Appeals, Div. III.

June 3, 1993.

Rehearing Denied July 15, 1993.

Certiorari Denied Feb. 7, 1994.

Haffke, Haffke & Lebsack, George R. Haffke, Fort Morgan, Benedetti & Dee, Francis A. Benedetti, Wray, for appellant and cross-appellee.

Wade Ash Woods & Hill, P.C., James W. Hill, Constance H. Block, John Dethman, Denver, for appellee and cross-appellant.

Opinion by Judge NEY.

In this estate proceeding, Kaeli Jo Moore (child), the daughter of the decedent, James W. Barnard, appeals the amended order of the trial court apportioning responsibility for estate taxes to her and to the decedent's business partner, Henry Wiltfang (partner). The partner cross-appeals the order. We reverse and remand with instructions.

Barnard executed a holographic will, in which the partner was named the primary beneficiary. After admission of this will to probate, Barnard's widow claimed an elective share of one-half of the augmented estate under § 15–11–201, et seq., C.R.S. (1987 Repl.Vol. 6B). Moore, asserting that she was a pretermitted child, claimed one-half of the probate estate, in accordance with §§ 15–11–302 and 15–11–103(1)(a), C.R.S. (1987 Repl.Vol. 6B).

The parties involved entered into a settlement agreement, as provided by § 15–12–1101, et seq., C.R.S. (1987 Repl.Vol. 6B), and the trial court approved the final distribution and settlement of the estate based thereon.

Under the terms of the settlement agreement and pursuant to her election against the will, the widow received a distribution of $3 million from the augmented estate. In addition, she received $1 million in estate assets by way of a disclaimer executed in her favor by the partner, with the understanding that she transfer this amount and an additional $500,000 to a trust for the benefit of the child. The child, therefore, received $1,500,000 in estate assets and, on the basis of the settlement agreement, withdrew her claim under §§ 15–11–302 and 15–11–103(1)(a). The partner, after buying the in-

terests of the remaining beneficiaries, received the balance of the decedent's estate, which was approximately $2 million.

A federal estate tax return was timely filed. Subsequently, the Internal Revenue Service disallowed from inclusion in the nontaxable marital estate approximately $1,500,000, the amount transferred by the widow into the child's trust. This disallowance and other adjustments resulted in the assessment of increased taxes to the estate of approximately $900,000. However, it is only that portion of the increased tax attributable to the disclaimed $1 million which is relevant here.

The trial court, in its resolution of the controversy, exercised its equitable powers to add a term to the settlement agreement, altering it to require that the child and the partner each pay one-half of the portion of the tax deficiency attributable to the disclaimed $1 million.

The child contends, on appeal, that the trial court erred in its addition of a provision to the settlement agreement by which she would bear any liability for tax assessed on the disclaimed $1 million. The partner, on cross-appeal, contends that, while it was proper for the court to either reform or add a provision to the agreement, the entire liability attributable to the disclaimed property should be borne by the child.

Because we conclude that modification of the settlement agreement was unnecessary in light of the applicable statutes, we limit our consideration to the effects of those statutes upon the tax liability.

Here, based upon conflicting evidence, the trial court found that the settlement agreement failed to allocate liability for payment of estate taxes on the disclaimed $1 million. And, while we are not bound by the trial court's interpretation of this written contract, *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984), we, nevertheless, agree. Therefore, we consider the applicable statutory provisions.

Several statutory provisions are pertinent to the facts here. First, § 15–12–916(1)(d), C.R.S. (1987 Repl.Vol. 6B) provides:

'Person interested in the estate' means any person entitled to receive, or who has received, from a decedent or by reason of the death of a decedent any property, or interest therein included in the decedent's estate.

Second, § 15–12–916(2), C.R.S. (1987 Repl. Vol. 6B) states:

> Unless otherwise provided in the will or other dispositive instrument, the tax shall be apportioned among all persons interested in the estate ... The apportionment is to be made in the proportion that the value of the interest of each person interested in the estate bears to the total value of the interests of all persons interested in the estate.

Finally, § 15–12–916(4)(a), C.R.S. (1987 Repl.Vol. 6B) provides:

> If the property in possession of the personal representative or other person required to pay the tax ... is insufficient to satisfy the proportionate amount of the tax determined to be due from the person, the personal representative ... may recover the deficiency from the person interested in the estate.

### A.

■ The child, in reliance on *In re Richheimer's Estate*, 200 Misc. 345, 102 N.Y.S.2d 750 (1951), first asserts that she is not a person interested in the estate for tax purposes. We disagree.

In *Richheimer*, the trial court concluded that sums paid in compromise of will contests must be considered as having been received by contract and not from the decedent. However, this is in conflict with interpretations of federal and state statutes, *United States v. Gavin*, 159 F.2d 613 (9th Cir.1947) (such payments reach the distributee by way of inheritance); *In re Hastings' Estate*, 183 Misc. 517, 49 N.Y.S.2d 524 (1944) (sum paid out of a residuary estate given to charities in compromise of a will contest must be regarded as moneys inherited.)

Thus, we decline to accept the rationale of *Richheimer* and instead rely upon our statutory language, which denotes one who has received property by reason of the death of a decedent as a person interested in the estate.

■ We also note that, in executing the settlement agreement under § 15–12–1101, all parties agreed that the compromise of controversy, approved in a formal proceeding, as here, is binding on all parties thereto.

### B.

The child next asserts that the disclaimer signed by the partner was not effective and, therefore, that he is liable for taxes assessed on the property disclaimed. Again, we do not agree.

■ While we may rely upon state statutes to determine the manner of recovering the deficiency, we are mindful that federal law is the final authority in determining the value of the interest of each person in order to establish tax liability. *See Commissioners v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

I.R.C. § 2518 (1993) states, in pertinent part:

> [T]he term 'qualified disclaimer' means an irrevocable and unqualified refusal by a person to accept an interest in property but only if—
>
> (3) such person has not accepted the interest or any of its benefits, and
>
> (4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer....

■ Based upon the above section, the child argues that, because the partner accepted consideration in the form of settlement of her claim as a pretermitted heir and directed the transfer of the disclaimed property to her trust, his disclaimer was not qualified.

The child then relies upon I.R.C.Reg. § 20.2056(d)–1(b), which states:

> If an interest in property passes to one other than the surviving spouse from a decedent in a taxable transfer made after December 31, 1976, and
>
> (2) The surviving spouse is entitled to such interest in property as a result of such disclaimer, the disclaimed interest is treat-

ed as passing directly from the decedent to the surviving spouse. If the disclaimer is not a qualified disclaimer, the interest in property is considered as passing from the decedent to the person who made the disclaimer as if the disclaimer had not been made.

The child thus maintains that, because the disclaimer signed by the partner is not a qualified disclaimer, the interest is considered as having passed from decedent to him and, therefore, that he is liable for taxes on the interest. Furthermore, the child asserts that the state apportionment statute is superseded because it is in conflict with this federal regulation. We do not agree.

Rather, we conclude that the federal regulation merely categorizes the interest as taxable or non-taxable to the estate and that it is not intended as a determination of who among the eventual recipients will bear responsibility for tax assessed. This position reflects that of the estate tax examiner who determined that the property was received by the child from the estate and did not qualify for the federal estate tax marital deduction.

The position of the examiner is thus stated:

It is well settled in case law that the marital deduction is reduced by the value of transfers by the spouse to third parties in the settlement of a will contest. Such transfers are considered as passing from the decedent to the claimant and not to the surviving spouse. *See Lyeth v. Hoey*, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119 (1938)....

Because we concur with the position of the estate tax examiner and of the court-appointed special administrator that the property transferred into the child's trust, specifically including the disclaimed $1 million, was received by her as a distribution from the estate, she must, in accordance with §§ 15–12–916(2) and 15–12–916(4)(a), C.R.S. (Repl. Vol. 6B), bear responsibility for the amount of taxes attributable to that property.

The partner must also bear responsibility for any portion of the assessed deficiency which is attributable to property distributed by the estate to him.

We find further support for this position in *In re Estate of Kelly*, 41 Colo.App. 316, 584 P.2d 640 (1978). There, this court held that, in the absence of clear, unambiguous language in a will designating method of payment of estate taxes, apportionment pursuant to state statute was correctly ordered.

The judgment is reversed, and the cause is remanded to the trial court for entry of an order consistent with the views expressed herein.

METZGER and MARQUEZ, JJ., concur.