No. 12,362.

ESTATE OF BOURQUIN.

WEISS *v.* GRANT.

(286 Pac. 114)

Decided February 24, 1930.   Rehearing denied March 17, 1930.

Mr. L. J. STARK, Mr. ROYAL R. IRWIN, for plaintiff in error.

Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

AUGUSTE Ali Bourquin died testate in the City and

County of Denver on the 14th day of January, 1928. His will was duly admitted to probate in the county court and Frank L. Grant was appointed administrator with the will annexed. The will provided for certain specific bequests to his close relatives and disposed of the residuum as follows: "After paying all court costs, taxes and administrators fees, I hereby give to the Salvation Army of Denver, Colorado, all balance in money, furniture, goods, objects belonging to me as stated above, and also of any moneys credited to me in my account book in the Denver National Bank after payment of all funeral costs and dues, in fact of all residue of the estate after solving all above mentioned legacies and expenses."

The administrator having advanced the sum of $7,557.75 on account of inheritance tax due the state of Colorado, a dispute arose between the legatees as to how the amount thereof should be deducted and paid. The county court held: "That the state inheritance tax in this estate shall be paid by those who inherit the legacies and is not to come out of the corpus of the estate—in this intance the residuary."

A review of this ruling is now sought. Subdivision 1 of section 2, Session Laws of Colo. 1927, page 393, provides: "A tax is hereby imposed, under the conditions and subject to the exemptions and limitations hereinafter prescribed, upon transfers, in trust or otherwise, of the following property, or any interest therein or income therefrom." The statute also provides that every tax imposed by the act shall be a lien upon the property passed and transferred until paid, and that the person to whom the property passes, and all executors, administrators and trustees, shall be personally liable for the payment of the tax.

The tax imposed by this section is upon the transfer of property by will, and, in the absence of any contrary intention expressed by the testator in his will, such tax should be deducted from the amount so transferred, and paid by the transferee.

■ A testator has the right to dispose of his property as he sees fit, providing he does not thereby transgress any legal requirements. In this regard, the general rule appears, in 37 Cyc., page 1577, to be as follows: "If a testator in his will directs that the amount of a legacy shall be paid to the legatee without deduction of the inheritance tax, or free and clear of such tax, the tax will be paid out of the residuary estate and not charged to the particular legacy. Whether or not the legatee is to take his legacy in this way depends upon the intention of the testator as manifested on the face of the will, and no special formula of words is necessary to free the legacy from the tax, provided the intention is clear."

■ Notwithstanding the ingenious argument of defendant in error that the word "taxes" was intended to mean only "property taxes" and not "inheritance taxes," the will expresses a clear and positive intention of the testator, that the specific legacies be paid in full; that all taxes of whatsoever kind or description be thereupon paid out of the remainder of the estate and that the balance, if any, be paid to the residuary legatee, the Salvation Army of Denver, Colorado. The residuary clause above quoted is so plain and unambiguous as to leave no doubt as to the testator's intention. The expression "all taxes" means just what it says and must necessarily include inheritance taxes. The testator was presumed to know the law, and if he intended that his sisters, brothers, nephews and nieces, to whom he made specific bequests of money, be required to pay the inheritance tax thereon and to deduct the same from the amount of their respective legacies, there was no necessity for him to insert in his will the words "after paying all * * * taxes" because, in their absence, the law would require payment in such a manner.

The residuary legatee, the Salvation Army of Denver, is the last recipient of the testator's bounty, subordinate to all other legatees—brothers, sisters, nephews and nieces. If we adopt the construction of defendant in er-

ror, then the last choice of the testator would become his first to the extent of the amount of this inheritance tax. Most assuredly, such an intention to benefit an outsider at the expense of blood relatives cannot possibly be evolved from the will. Quite the contrary is evidenced, a condition precedent to the residuary legatees receiving anything is the "solving all above mentioned legacies and expenses" (including "all court costs, taxes and administrators fees * * * funeral costs and dues").

Judgment reversed with directions to the county court to enter judgment consistent with the views herein expressed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.