In the Matter of the Estate of GEORGE O. WALBRIDGE, Deceased.

Surrogate's Court, Kings County, February 14, 1939.

*Miller, Owen, Otis & Bailly,* for Rodney O. Walbridge and Hazel W. Pinkham, as executors, etc., and residuary legatees, petitioners.

*Cullen & Dykman,* for George O. Walbridge, 2d, residuary legatee, respondent.

WINGATE, S.   In Surrogate's Court practice the term " testamentary expenses " is well understood as connoting merely the customary disbursements attendant upon the ordinary administration of the estate.   It cannot be expanded to include the impost levied by governmental authority upon the net avails of the estate.

Section 124 of the Decedent Estate Law reflects the policy of the State that the taxes imposed upon estates shall be prorated. This policy is capable of reversal as to any individual decedent " in a case where a testator otherwise directs in his will."   To accomplish such reversal of policy, however, the testamentary expression of contrary desire must be clear and unequivocal. (*Matter of Kaufman,* 170 Misc. 436.)   The usual ritualistic and purely formal direction inserted by the testator in this will that his fiduciaries shall " pay all my just debts, funeral and testamentary expenses as soon after my death as may be convenient " is utterly inadequate for the purpose.

This direction imposes no obligation the performance of which is not already required by law.   It is the inherent duty of the executors to pay all of these obligations as far as the funds in their hands may suffice for the purpose.

Even were it to be assumed, arguendo, that the term " testamentary expenses " is flexible enough to permit the inclusion of estate taxes, the direction of the will does not include any specification as to the source of the payment.   In its absence, resort must be had to the statutory rules enacted for the guidance of fiduciaries. Section 216 of the Surrogate's Court Act directs that funeral expenses be paid by the fiduciary " out of the first moneys received " and section 222 authorizes him to " pay from the funds or estate in his hands, from time to time, as shall be necessary, his legal and proper expenses of administration necessarily incurred by him." An estate tax, even if by some stretch of imagination classifiable as an expense of administration, is certainly not " incurred by " the fiduciary.   It is superimposed upon the assets of the estate at the moment of the death of the testator and before the qualification of the executor.

In marked contrast with the foregoing provisions of the Surrogate's Court Act relating to funeral expenses and expenses of administration incurred by the executor, are the specifications of the Tax Law respecting payment of the tax. Section 249-z directs the payment of the tax by the executor " subject to being by him charged against and collected from the persons interested in the estate." Section 249-p enacts that " The tax imposed * * * shall be paid by the executor who shall thereupon charge the same against and collect if from the persons interested in the estate in order that it shall be proportionately borne by those who have received the benefit."

In other words, the statutory requirements respecting payment of funeral expenses and expenses of administration, are that they shall be paid from the gross assets, whereas the taxes are payable merely from the net sums distributable, with the impost levied *pro rata* against each distributee in the absence of a clear contrary direction by the testator.

It is accordingly determined that the testamentary language quoted supplies no warrant for the payment of estate taxes other than *pro rata* by the several distributees in accordance with the direction of section 124 of the Decedent Estate Law.

Enter decree on notice in conformity herewith.