In the Matter of the Estate of Louis Klein, Deceased.

Surrogate's Court, Kings County, February 20, 1941.

*George Abrams*, for Lillian C. Klein, as administratrix *c. t. a.*, petitioner.

*George J. Rudnick*, for Abraham Klein, legatee, objectant.

*Harold M. Kennedy, United States Attorney*, for the Collector of Internal Revenue, First District.

*Strongin & Schwartz*, for the Brooklyn Hebrew Home and Hospital for the Aged, legatee.

*Bachrach, Bachrach & Bisgyer*, for the Brooklyn Federation of Jewish Charities, legatee.

Wingate, S. The question here presented is as to whether a *pro rata* portion of the estate tax shall be made payable from the corpus of a trust for the benefit of the widow of the testator.

By reason of the enactment contained in section 124 of the Decedent Estate Law, it is the established policy of the State that a proration of tax payments shall be made. This is capable of reversal only " in a case where a testator otherwise directs in his will." Whereas, therefore, this State policy is capable of testamentary reversal (*Matter of Duryea*, 277 N. Y. 310, 316; *Matter of*

*Stetson*, 168 Misc. 836, 838), it has been the uniform determination that a clear expression of such purpose is requisite for the accomplishment of the result, in which connection the testamentary document is subject to strict construction. (*Matter of Walbridge*, 170 Misc. 127, 128; *Matter of Clark*, 169 id. 202, 208; *Matter of McManamy*, 172 id. 392, 395.)

The question here presented is, accordingly, whether the testator has evinced an intention which is sufficiently patent to comply with the foregoing principles that the customary rule of apportionment shall not be applicable.

That he did not anticipate that the gift to his widow should be diminished by reason of tax contributions is apparent from the fact that he expressly directed in the " Tenth " item " that all inheritance or transfer taxes   *   *   *   be defrayed by my executor from my residuary estate." Unfortunately this direction is not necessarily determinative of the issue, since there is no residuary estate in the usually accepted connotation of the term.

The will, however, goes farther and provides in the succeeding item: " The provisions herein made for the benefit of my wife, Lillian C. Klein, are intended to be and shall be accepted by her in lieu of all dower or other statutory interest whatsoever in my estate, both real and personal, but in the event that my estate shall prove insufficient for the payment in full of all sums hereby bequeathed both outright and in trust, I direct that the gifts herein made to and for the benefit of my said wife, Lillian C. Klein, shall be preferred over other gifts to the end that they shall be paid and established in full, and that *the rest, residue and remainder of my property* be divided among the several legatees herein named in the proportions in which sums of money have been bequeathed to them outright or in trust for their benefit." (Italics not in original.)

Two matters are patent from this language, namely, that the testator emphatically intended that the trust for his wife should be erected without any diminution or impairment whatsoever, and secondly, that if his assets were insufficient to pay all of the expressly given benefits in full, the gifts to the wife should be paid in full and " the rest, residue and remainder of my property " should be used *pro rata* toward the solution of the remaining gifts. In other words, it was his intention, in the contingency which has actually eventuated, that the portion of his estate not necessary for the solution of the gifts to the wife should be considered and treated as if it were his residuary estate.

In view of this obvious intention of the testator and particularly by reason of the fact that the acceptance by the widow of the testamentary benefits in lieu of her statutory rights renders her a

quasi purchaser (*Matter of Smallman*, 138 Misc. 889, 905, 906, and authorities cited), the court is of the opinion that the widow is entitled to exoneration from contribution to the payment of the estate taxes and that these, so far as ordinarily applicable to her, are payable, as expressly directed, from that portion of the estate which the testator deemed to be his " residuary estate " in the contingency which has transpired.

Enter decree on notice in conformity herewith.