**NORTON et al. v. JONES et al.**

No. 13873.

Court of Civil Appeals of Texas. Dallas.

March 26, 1948.

Rehearing Denied April 30, 1948.

Allen Clark and L. L. Bowman, Jr., both of Greenville, for appellants.

G. C. Harris, of Greenville, for appellees.

YOUNG, Justice.

Suit below was to construe the will of Dr. E. P. Becton, deceased, certain devisees thereunder contending that from terms of the will inheritance taxes due the State of Texas were not a charge against respective devises but were included in the words "all taxes" to be paid by the executors from corpus of the estate. Following an adverse judgment, the independent executors only have appealed.

Dr. Becton, of Greenville, Hunt County, died testate August 7, 1946, leaving property valued at more than $100,000. His will, dated November 9, 1942, and codicil (March 1946) left cash bequests in varying amounts to nieces and nephew, other items of money and property to named friends, hospital nurses and employees; the residue, after payment of legacies and charges, going to Miss Florence B. Simpson. After probate of will and filing of inventory and appraisement, the executors duly filed in County Court the Inheritance Tax report or affidavit of appraisal, on which a hearing was had before the county judge who "ordered that the administrator (executor) be and he is hereby authorized and directed to pay and deliver forthwith to the Comptroller of Public Accounts the sum of $5989.23 as and for inheritance tax to which said heirs, legatees or devisees are liable and charge

the same to the respective shares as taxed herein."

Then followed the present action by appellees, Myrtle Jones and Mrs. A. E. Barrett (beneficiaries in money and property valued at $13,000 and $3,000 respectively), making request of the district court to construe the will in question, in form of declaratory judgment, viz: "Was it the intention of the testator, E. P. Becton, that the bequests and devises made to these plaintiffs be free from payment of inheritance taxes?"

By paragraph One of the will, the testator had directed that all just debts and funeral expenses be promptly paid "out of my estate." However both parties herein rely on paragraph Five of the will for answer to the foregoing question of law; the court below ruling that the particular legacies were payable to plaintiffs without diminution on account of State Inheritance Taxes; appellants, on the other hand, contending that the question should be given a negative answer. Paragraph Five reads: "Out of the residue of my estate, remaining on hand not disposed of under the preceding paragraphs of this will, I direct my executors, if need be in order to pay any of the beneficiaries the amount of special bequests hereinbefore set forth (in the event there shall not be sufficient cash on hand with which to pay such bequests) to pay such special legacies, all taxes, state, National, all debts, just and provable, against my estate, and my executors shall have the power and authority to make sales out of such residue in order to raise sufficient funds with which to pay such bequests, taxes, debts, then all of the residue of my estate then left on hand undisposed of under the preceding paragraphs of this will, I give, will and bequeath unto Miss Florence B. Simpson, such residue of my estate, including Bank Stock, farm lands, consisting of 206 acres of land situated in Hunt County, Texas, located near the U. S. Experiment Station and being the same lands purchased from Bowman and Sockwell; also all government bonds and cash on hand remaining belonging to my estate." It will be observed that Dr. Becton's estate in the main was given to nonrelatives and the contention here made is limited to such group.

■ Under Art. 7117 et seq. the tax therein contemplated (inheritance) is imposed on the right to receive or succeed to the possession or enjoyment of property; the legatee or beneficiary simply receiving his share or interest burdened with the tax. State v. Hogg, 123 Tex. 568, 72 S.W.2d 593; Bethea v. Sheppard, Tex.Civ.App., 143 S.W. 2d 997, writ ref. "Under inheritance tax laws, the tax is not one of the expenses of administration, or a charge upon the general estate of the decedent; it is in the nature of an impost tax or a tax upon the right of succession to be imposed upon the several amounts of the decedent's estate to which the successors thereto are, respectively, entitled. It is a charge against each share or interest according to its value, and against the person entitled thereto, in the absence of a specific provision in the will to the contrary." 28 Am.Jur., sec. 278, p. 136. And while the testator may by appropriate words unquestionably relieve the particular benefaction from the burden of this or any other tax, the testamentary provision to such effect must be clear and unequivocal. "It is competent for a testator to specify what property or class of property shall assume the burden of the tax on the transfer or the right of succession of his estate, as, for example, to provide that inheritance and estate taxes shall be paid out of the general or residuary estate, or out of a particular fund. Since the practical effect of such a provision is to increase the gift, the intent of the testator to make such a gift will not be drawn from vague or uncertain language." 28 Am. Jur., sec. 280, p. 137.

■■ The language of paragraph Five above, relied on for the claim of appellees that all legacies were to be tax free, reads: "I direct my executors * * * to pay such special legacies, all taxes, State, National, all debts, just and provable, against my estate." The argument is made on behalf of claim that in paragraph One the testator had already directed payment of all obligations (debts) due by his estate; the enlarged provision in paragraph Five (after listing the bequests) for payment by the estate of *all taxes* obviously extending to and including those fixed by inheritance law, thereby indicating that such taxes were to be borne by the general estate and not by

the particular legacies. Appellees' contention overlooks a cardinal rule of testamentary construction that every part, sentence, clause or word of the instrument must be considered, and it will be presumed that the testator placed therein nothing superfluous or meaningless. Lockett v. Wood, Tex.Civ. App., 84 S.W.2d 798, affirmed Peden Iron & Steel Co. v. Lockett, 115 S.W.2d 405. The clause in question specified all taxes, state, National, etc., against *"my estate."* Since the estate of Dr. Becton did not *owe* an inheritance tax, his use of the words "my estate" served to expressly exclude from consideration all taxes due and owing by every one else, i. e., the legatees and devisees. Any other construction would have the effect of ignoring these *italicized words,* which must be held to have their proper place in the will and are not to be regarded as surplusage. In absence of clear and unequivocal direction to the contrary, we must hold the intention of testator was for the tax to follow the legacies in accordance with law; in other words, to be paid by the legatees.

No Texas cases bear directly upon the question here raised; Ericson v. Childs, 124 Conn. 66, 198 A. 176, 177, 115 A.L.R. 907, however, being well in point. There the will contained the following provisions: "I direct that all taxes and imposts, Federal or State, which may become due upon or in respect to my estate or any of the bequests of this my will, be paid from my residuary estate and considered as part of the general expenses of the administration thereof." The court held in part: "There is, however, as bearing upon the testatrix's intend, significance in the use of the words 'my estate.' * * * We cannot believe that Mrs. Childs in making the provision concerning the payment of taxes 'upon or in respect to my estate' had at all in mind the tax which is imposed by the state succession tax law upon the trust fund." See also Annotations, 51 A.L.R. 456; 116 A.L.R. 855; 141 A.L.R. 848 for authorities relied on by all parties in support of their respective claims. Of the cases cited by appellee, however, the testamentary instrument expressly directed payment of "inheritance taxes"; in Weiss v. Grant, 87 Colo. 144, 286 P. 114, the will requiring payment of all taxes without qualifying words such as "against my estate" and specifying that named legacies were to be paid in full.

Above conclusions render unnecessary a discussion of appellants' further point of res judicata, assertedly arising by reason of plaintiffs' failure to appeal from the county court order assessing the tax against them. However we are not inclined to view the plea as a complete defense, the record not showing that the issue here involved was before the county court in the ruling made. Manifestly, that court may have so ruled aside from the will and on basis of the statute alone, Art. 1731, Vernon's Ann.Civ. St.

As we construe the will of testator, his intention to relieve these legacies from payment of taxes due by reason of inheritance was not clearly enough expressed to be given effect and appellants' first point must be sustained. The cause is reversed and judgment here rendered in favor of appellants together with all costs incurred in both the trial court and on appeal.

Reversed and rendered.

BOND, C. J., not participating.