584 P.2d 640 (1978)
In the Matter of the ESTATE of Vernon Alexander KELLY, a/k/a Vernon A. Kelly, a/k/a V. A. Kelly.
Alice E. BARTON, William R. Kelly, Jr., and Larry Joe Kelly, Petitioners-Appellants,
v.
Joseph L. KELLY and William R. Kelly, Personal Representatives, Respondents-Appellees.
No. 77-1109.
Colorado Court of Appeals, Division II.
September 14, 1978.
Pomainville & Pomainville, P. C., Richard L. Kalamaya, Longmont, for petitioners-appellants.
Robert J. Safranek, Limon, for respondents-appellees.
ENOCH, Judge.
In an action arising under § 15-12-916, C.R.S.1973 (1976 Cum.Supp.) of the Colorado Probate Code, petitioners appeal from the judgment of the district court ordering the apportionment of estate taxes. We affirm.
Prior to his death in October 1975, Vernon Alexander Kelly executed a will and codicil which included "specific bequests" to petitioners, his grandchildren, of stated amounts of money. Respondents, the testator's sons, are the residuary beneficiaries *641 under the will. The will contains the following provision with respect to the payment of taxes:
"I direct that my funeral charges, expenses of administering my estate and all my just debts, including inheritance and succession taxes, be paid out of my personal property; and, if that be insufficient, I authorize my executor, hereinafter named, to sell so much of my real property as may be necessary for that purpose."
The district court found that the will made no provision concerning apportionment of estate taxes among the devisees and legatees. Therefore the court ordered an apportionment of the estate taxes pursuant to the Colorado Probate Code. The Code provides that the term "estate tax" means federal estate tax, Colorado inheritance tax, and interest and penalties imposed in addition to the tax. Section 15-12-916(1)(f), C.R.S.1973. The Codes states in § 15-12-916(2), C.R.S.1973 (1976 Cum.Supp.) that:
"Unless otherwise provided in the will or other dispositive instrument, the tax shall be apportioned among all persons interested in the estate. . . . If the decedent's will or other dispositive instrument directs a method of apportionment of tax different from the method described in this code, the method described in the will or other dispositive instrument controls." (emphasis supplied)
Petitioners subsequently moved to vacate the order and for a hearing on the interpretation of the will with respect to the payment of estate taxes. At a hearing on the motion neither side presented any extrinsic evidence as to the intent of the testator. The district court thereafter affirmed its original order for apportionment of taxes.
Petitioners recognize that the Probate Code governs the administration of the will, but they argue that because of the language in the will relating to the payment of taxes and because of the fact that the testator devised to them stated sums of money, he unambiguously evidenced his intent that they should receive that amount without any deduction resulting from the apportionment of taxes. Respondents maintain that the language is at best ambiguous and therefore the apportionment statute is applicable.
Since no extrinsic evidence was presented, construction of the will is a question of law. Meier v. Denver United States National Bank, 164 Colo. 25, 431 P.2d 1019 (1967). Resolution of the issue turns upon the degree of clarity required to evidence an intention to avoid statutory apportionment. We hold that the testator must make a clear, unambiguous manifestation of his intent to avoid apportionment and that the language in this will is ambiguous and does not evidence such intent.
Prior to the adoption of § 15-12-916, C.R.S.1973, Colorado had no estate tax apportionment statute. Apportionment statutes have been enacted in other jurisdictions to accomplish the equitable allocation of the burden of the estate tax among those actually affected by that burden. E. g., In re Estate of Armstrong, 56 Cal.2d 796, 17 Cal.Rptr. 138, 366 P.2d 490 (1961). See generally Annot., 71 A.L.R.3d 247.
In jurisdictions with statutes similar to § 15-12-916, C.R.S.1973, courts have held that the apportionment statute is applicable unless the testator expresses a clear and unambiguous intent that legacies and devises be transferred without deduction for taxes. An intent to shift the burden of the tax will not be inferred from vague and uncertain language, and ambiguous language will be interpreted in favor of apportionment. In re Estate of Armstrong, supra; Annot., 71 A.L.R.3d 247. The burden is upon the party contending against apportionment to establish that the testator intended no apportionment. E. g., In re Estate of Ogburn, 406 P.2d 655 (Wyo.1965).
In accordance with these rulings from other states, see § 15-10-102(2)(e), C.R.S.1973, we also hold that a testator's bequest of a stated sum of money to a legatee does not constitute a direction against apportionment within the meaning of the apportionment statute. See Textor *642 v. Textor, 170 Md. 128, 183 A. 247 (1936); see generally Annot., 70 A.L.R.2d 630. The language of this will speaks to the kind of property out of which expenses and taxes are to be paid. The testator made no provision, however, that the beneficiaries of the will were relieved of the obligation to pay their proportionate share of the estate tax.
Furthermore, even those Colorado decisions relied on by petitioners which allowed non-apportionment before the passage of the present Probate Code were decisions premised on specific, unambiguous terms of the wills at issue. Cf. Meier v. Denver United States Bank, supra, (the will provided that the executrix was "without any right to require contribution" for taxes); Weiss v. Grant, 87 Colo. 144, 286 P. 114 (1930) (the will provided for specific bequests and then disposed of residuum only after payment of court costs, taxes, and administrator's fees). Therefore, because in this case there is an absence of clear, unambiguous language designating a method for payment of taxes, the district court properly ordered the apportionment of the estate taxes among the various beneficiaries.
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.