701 P.2d 1022 (1984)
102 N.M. 2
In the Matter of the ESTATE OF Anastasia T. KYREAZIS, Deceased.
Sultana ROUNDS, Devisee-Appellant,
v.
David ARNOLD, Personal Representative, John Anagnostou, Devisee, Anna Anagnostelis, Assignee of John Anagnostou, Andreas Anagnostou, Devisee, Appellees.
No. 8287.
Court of Appeals of New Mexico.
May 14, 1984.
Certiorari Quashed June 14, 1985.
Lorenzo A. Chavez, Martin J. Chavez, Gerald A. Hanrahan, Albuquerque, for devisee-appellant.
Charles N. Glass, Glass & Fitzpatrick, Albuquerque, for Personal Representative and John Anagnostou.

OPINION
NEAL, Judge.
This is an interlocutory appeal from a district court probate decision authorizing payment of estate taxes from the residuary of the estate. We reverse.
Anastasia T. Kyreazis died on November 26, 1981, leaving two executed wills, which divided her not insubstantial estate differently. At the time of her death, decedent was unmarried and her only survivors were seven nieces and nephews and a grandnephew. Under decedent's first will dated September 3, 1981, she left property to her nephews and nieces and to the Anagnostou family. Under the second will dated November 18, 1981, decedent left real estate located in New Mexico and Greece to her nephew John Anagnostou and to Andreas Anagnostou and provided that proceeds from the sale of a hotel in Colorado should go to certain other nieces and nephews. Decedent's second will specifically disinherited her niece Anna Anagnostelis. Decedent was an aunt to these litigants. Appellant Sultana Rounds is a residuary legatee. The two families entered into an agreement following decedent's death in which they agreed to avoid a will contest and "pay the proportionate amount of estate and other taxes on the property which they actually receive whether by Will or under this agreement." Rounds was not a party to the agreement.
The personal representative moved, on September 11, 1984, for an order authorizing payment of federal, state, and Greek estate taxes, as well as other costs, from the residuary of the estate. The taxes were in the approximate amounts of $67,000.00 in United States tax and $30,000.00 in Greek estate tax for property owned in that country. The personal representative's attorney, Charles Glass, appeared at the hearing and outlined the history of the case, which he indicated "is a factual background without objection and one that might even be stipulated to for the purposes of this motion." No stipulation was formally agreed to. Rounds' attorney had "nothing to say on the matter" at the hearing. No evidence was offered at the hearing  the entire history consisted of counsel's statements. Rounds' attorney objected to the motion on the grounds that it would deplete the residuary and that such payment would not carry out the intent of the will.
The district court found that "[b]ased on the reading of the will and such," the testator intended the taxes and debts be paid solely out of the residuary. The order, entered September 28, reads:
IT IS ORDERED that the payment of taxes heretofore made by the Personal Representative be and the same are herewith ratified and approved, the Court finding that the Will provides that all debts be paid by the estate; that the Testatrix intended debts to include taxes; that the Testatrix further intended the personal property consisting of cash be used to pay these debts rather than the real property or the Real Estate Contract and therefore the provision of § 45-3-916 [sic] N.M.S.A[.] 1978 relating to apportionment of taxes among devisees is not applicable.
Rounds moved for reconsideration of the order, and a second hearing was held on November 19, 1984. The parties presented argument and memoranda of law on the issues. The district court denied the motion for reconsideration on January 7, 1985, and certified the issue for interlocutory review. See NMSA 1978, § 39-3-4(A). Interlocutory review was granted on January 23, 1985.

Issue.
The legal issue raised on appeal is whether a direction in a will directing "that my funeral expenses and just debts be paid by my Personal Representative as soon after my death as is practicable," alone or in conjunction with a series of specific bequests, is sufficient to overcome the statutory directive contained in NMSA 1978, Section 45-3-916(B), that, unless otherwise provided in the will, taxes shall be apportioned among all persons interested in the estate in proportion to the value of the *1024 interest each receives. This is an issue of first impression in New Mexico. We hold the language of the will directing payment of decedent's "just debts" is insufficient to contravene the provisions of the statute, and that the district court erred in authorizing payment of estate taxes solely from the residuary estate.

Discussion.
The will in question contains no explicit provision as to the payment of taxes. It does contain a clause providing that funeral expenses and debts be paid as soon after death as is practicable. The will has various explicit bequest provisions.
Section 45-3-916(B) provides:
Unless the will otherwise provides, the tax shall be apportioned among all persons interested in the estate. The apportionment is to be made in the proportion that the value of the interest, subject to tax of each such person interested in the estate, bears to the total value of the interests, subject to tax of all such persons interested in the estate. The values used in determining the tax are to be used for that purpose. If the decedent's will directs a method of apportionment of tax different from the method described in the Probate Code [45-1-101 to 45-7-401 NMSA 1978], the method described in the will controls.
This statutory provision was first adopted in 1975 N.M. Laws, ch. 257, § 3-916 as part of the Probate Code, and is identical to the analogous Uniform Probate Code provision. The Uniform Probate Code provision was based on an identical provision first adopted in 1958 in the Uniform Estate Tax Apportionment Act. Annot., 71 A.L.R.3d 247, 265-67 (1976). Several states have now enacted identical or similar clauses. Apportionment statutes have been enacted to relieve residuary estates from the entire burden of tax payments and to equitably apportion taxes among all persons benefited. In re Estate of Benton, 191 Neb. 324, 215 N.W.2d 86 (1974); In re Estate of Kelly, 41 Colo. App. 316, 584 P.2d 640 (1978); In re Estate of Ogburn, 406 P.2d 655 (Wyo. 1965). The common law rule had provided that, unless otherwise provided by the testator, the residuary would, if sufficient, bear the entire tax burden. Ibid.
The statute is mandatory ("shall") in requiring apportionment "[u]nless the will otherwise provides." Other courts interpreting similar statutes have held that the apportionment statute is applicable unless the testator expresses a clear and unambiguous intent that legacies and devises be transferred without deduction for taxes. An intent to shift the burden of the tax will not be inferred from vague and uncertain language, and ambiguous language will be interpreted in favor of apportionment. In re Estate of Kelly; In re Estate of Armstrong, 56 Cal.2d 796, 17 Cal. Rptr. 138, 366 P.2d 490 (1961). The burden is upon the party contending against apportionment, here the personal representative, to establish that the testator intended no apportionment. In re Estate of Ogburn.
In construing wills the intent and meaning of a testator must be ascertained from the instrument itself. Gregg v. Gardner, 73 N.M. 347, 388 P.2d 68 (1963). This will does not even mention taxes, much less evidence a clear and unambiguous attempt to modify apportionment. In the absence of such language in the will, the case law is unanimous that apportionment applies. In re Estate of Armstrong; In re Estate of Kelly; In re Estate of Obgurn.
The language in the will relied upon by the personal representative states: "I direct that my funeral expenses and just debts be paid by my Personal Representative as soon after my death as is practicable." Several courts have held that this language is insufficient to overcome the provision for apportionment. In re Doerfler's Estate, 348 Ill. App. 347, 109 N.E.2d 230 (1952); In re Walbridge's Estate, 170 Misc. 127, 9 N.Y.S.2d 907 (1939).
The personal representative argues that the court must not only look at the language of the will, but also the scheme of distribution, the circumstances of the testator when she wrote the will, and the *1025 modified distribution scheme reflected in the difference between the two wills. We disagree. Extrinsic evidence may not be considered when the will does not mention taxes, and so clearly falls within the operation of the statute.
Nothing in the statute or this opinion giving effect to the statute should be construed as limiting a testator's right to modify the scheme of apportionment. The statute recognizes the testator's right to modify. This testator could have easily evidenced an intent to modify by including a provision in the will directing the payment of all estate taxes first from the residuary estate. See Rasmussen v. Wedge, 190 Neb. 818, 212 N.W.2d 637 (1973). There was no such language in this will.
The personal representative's reliance on Wollard v. Sulier, 55 N.M. 326, 232 P.2d 991 (1951), is misplaced. Wollard was decided under the common law rule which provided that tax liability was to be borne by the residuary, absent other direction. The Wollard court was not called upon to decide whether, under an apportionment statute, a direction to pay "just debts" intends payment of estate taxes solely out of the residuary. To the extent that the case does stand for this proposition, it was rendered inapplicable by the legislature's adoption of the apportionment statute in 1973.
Finally, there is a procedural issue. The personal representative contends that the sole issue on appeal is whether the trial court abused its discretion in denying the motion to reconsider. We disagree. The district court certified the question addressed in the September 28 order, whether the will directives render Section 45-3-916 inapplicable insofar as payment of taxes is concerned. The fact that the certification language is contained in the order denying the motion for reconsideration is irrelevant. The legal consequence of this court's review is the same even if the personal representative is correct. In view of the law on apportionment of estate taxes and the clear language of the statutes, the court should have denied the motion to pay taxes and granted the motion for reconsideration. As the court's decision was contrary to law, it was an abuse of discretion not to have granted the motion for reconsideration.
Other related arguments raised by the personal representative are without merit. We reverse and remand for proceedings consistent with this opinion. Costs on appeal are to be borne by the appellees.
IT IS SO ORDERED.
DONNELLY, C.J., and WOOD, J., concur.