The PEOPLE of the State of Colorado, Complainant,

v.

Daniel Guy DANKER, Attorney-Respondent.

No. 86SA434.

Supreme Court of Colorado, En Banc.

April 13, 1987.

---

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Respondent not appearing.

---

KIRSHBAUM, Justice.

A complaint was filed with the Grievance Committee charging the respondent, Daniel Guy Danker, with four counts of professional misconduct. Two of the counts alleged failure by the respondent to file documents in connection with his representation of clients in domestic relations litigation. The other two counts contained allegations that the respondent failed to cooperate with the Grievance Committee.

The respondent failed to answer the complaint. Although notified by certified mail of the date of the hearing in this matter and contacted personally by an investigator of the committee in the early stages of the proceedings, the respondent did not appear at the hearing on September 9, 1986. A Hearing Board proceeded with the hearing on a default basis, made findings of fact with respect to three of the counts and entered conclusions of law based on those findings.[1] The Hearing Panel approved the findings and conclusions of the Board, one member dissenting. We adopt the recommendations of the Hearing Panel.

Count One of the complaint alleged that Dora M. Olive retained the respondent to obtain child support arrearages due from her ex-husband under the terms of a dissolution decree. She paid the respondent $100 as a retainer on August 31, 1984, and agreed to pay an additional $100 upon the collection of some of the arrearages. In October 1984, Olive executed some documents in the respondent's office and was informed by him that there would be a forty-day waiting period. In December 1984, Olive was told by the respondent that she would receive a check during the first part of 1985. In April 1985, she signed additional papers in the respondent's office. On June 13, 1985, Olive personally reviewed the court file and discovered that no action had been taken by the respondent in her case. The respondent never took action in the matter and did not return the $100 retainer fee to Olive.

Count Three of the complaint alleged that Franklin W. Schubert paid the respondent a fee of $325 for representation in a proposed dissolution of marriage action. On January 4, 1985, the respondent initiated such an action in the El Paso County District Court. On February 20, 1985, Schubert and his wife executed a separation agreement. Schubert, who was in the military, was then transferred overseas. The respondent failed to file the executed separation agreement and did not respond to telephone calls and letters sent to him by Schubert. On January 8, 1986, the respondent was notified by the trial court that the dissolution proceedings involving the Schuberts was subject to dismissal for failure to prosecute. The respondent did not reply, and the case was dismissed without prejudice on February 20, 1986. The respondent has not refunded any portion of the fee paid to him by Schubert.

The complaint also alleged that the respondent was notified by the Grievance Committee of Olive's complaint on June 27, 1985, and that on January 17, 1986, a Grievance Committee investigator spoke with the respondent concerning his failure to respond to that notice. On April 7, 1986, the respondent was notified that his failure to respond could result in discipline. The respondent has not filed any responsive documents.

The Board found that the respondent's failure to file an answer or otherwise respond to the investigations constituted a violation of C.R.C.P. 241.6 and 241.6(7). The Board further found that the respondent's conduct regarding both Olive and Schubert constituted violations of the following provisions of the Code of Professional Responsibility: DR6–101(A)(3) (neglecting legal matters); DR7–101(A)(2) (intentionally failing to carry out contracts of employment); and DR9–102(B)(4) (failing to promptly return clients' property, the unearned fees). The Hearing Board also concluded that with regard to Olive, the respondent violated DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Furthermore, the investigation of these complaints re-

---

1. Count Four, one of the two counts alleging that the respondent failed to cooperate with the Grievance Committee, was dismissed upon motion by the People.

vealed that the respondent is currently under suspension pursuant to C.R.C.P. 260 for failure to comply with mandatory continuing legal education requirements.

We agree with the findings and conclusions of the Board, as adopted by the Hearing Panel. Although the respondent has no prior record of discipline, the pattern of his failure to perform legal services with resultant injury to clients, his failure to return unearned fees, his refusal to respond to proper investigations and the fact that he has failed to comply with rules of the court regarding his professional responsibility to obtain continuing legal education are factors that strongly support the recommendation that the respondent be suspended from the practice of law. The essence of a professional relationship is the client's confidence and trust that the client's attorney proceed with dispatch to accomplish all requisite steps in the legal process to secure the client the relief sought. Therefore, an attorney must faithfully and diligently represent the interests of his client. In representing Olive and Schubert, the respondent ignored this professional responsibility. In refusing to explain his misconduct or in any way respond to the complaints of his former clients, the respondent further demonstrated an unwillingness or inability to comport with minimal standards of professional responsibility required of all attorneys. Although the respondent has not previously been the subject of professional grievance proceedings, his repeated neglect of fundamental responsibilities warrants the imposition of a significant sanction.

For the foregoing reasons, the respondent is hereby suspended from the practice of law for a period of six months and is ordered to surrender forthwith to the Clerk of the Supreme Court his license to practice law in this state. The respondent is further ordered to comply with all of the provisions of C.R.C.P. 241.21 relating to termination of all legal matters, the giving of notice to all clients and opposing counsel, and the maintenance of appropriate records as proof of compliance. The respondent shall not be eligible for reinstatement prior to the expiration of the period of suspension herein imposed, and any application for reinstatement must be supported by clear and convincing evidence that the respondent is fit to practice law and has complied with all of the requirements of reinstatement contained in C.R.C.P. 241.22.

The respondent is further ordered to pay the costs of these proceedings in the amount of $194.92, which sum shall be tendered to the Supreme Court Grievance Committee, 600 17th Street, # 500–S, Dominion Plaza, Denver, Colorado 80202, within sixty days of this date.