**The PEOPLE of the State of Colorado, Complainant,**

v.

**Daniel Guy DANKER, Attorney–Respondent.**

**No. 87SA462.**

Supreme Court of Colorado, En Banc.

June 13, 1988.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Respondent not appearing.

KIRSHBAUM, Justice.

On March 20, 1987, the Supreme Court Grievance Committee issued a citation to the respondent, Daniel Guy Danker, in case No. GC 87A–38 requiring the respondent to answer a complaint previously filed with the Committee containing seven counts of alleged professional misconduct. A copy of the complaint was attached to the citation. Although a receipt executed by the respondent indicates he received those documents, he has never replied to the citation. On May 13, 1987, an order of default

was entered in case No. GC 87A–38, pursuant to C.R.C.P. 241.13(b).

On April 17, 1987, a citation was issued by the Committee to the respondent in case No. GC 87A–49 requiring him to respond to a complaint of professional misconduct. The citation, together with a copy of a complaint containing two counts of alleged professional misconduct, was sent by certified mail to the respondent at a Metairie, Louisiana, office address. A return receipt for those documents was executed on May 4, 1987, by a "T. Schiro" and returned to the Committee. On June 5, 1987, an investigator for the office of the disciplinary prosecutor telephoned Trudy Schiro at the Metairie, Louisiana, office and was informed that the respondent had picked up the citation and complaint on May 29, 1987. The respondent has not replied to the citation. On June 22, 1987, at the People's request, an order of default was entered in case No. GC 87A–49, pursuant to C.R.C.P. 241.13(b).

On April 20, 1987, the two cases were consolidated pursuant to an order of the Committee. A default hearing in the consolidated cases was held on July 27, 1987. A notice of that hearing was sent to the respondent at the Louisiana address on May 27, 1987. A return receipt signed by T. Schiro indicates that the notice was received at the Louisiana address on June 1, 1987.[1] At the conclusion of the hearing, the hearing board entered findings of fact and recommended that the respondent be disbarred. The hearing panel approved the recommendation.

On April 13, 1987, the respondent was suspended from the practice of law for six months by order of this court as the result of another grievance proceeding. *People v. Danker*, 735 P.2d 874 (Colo.1987). On September 17, 1987, the Committee sent the respondent a letter requesting information pertaining to whether he was practicing law in violation of the suspension. Although the respondent received the letter

on September 18, 1987, he never replied. This conduct violated C.R.C.P. 241.6(7), which prohibits failure to respond to a Committee request without good cause.

Two of the seven counts contained in the complaint in case No. GC 87A–38 were dismissed. The remaining counts allege misconduct relating to the respondent's representation of Daniel Johnson, his failure to make arrangements for representation of clients, and his failure to respond to communications from the Committee.

On June 3, 1986, Daniel Johnson paid the respondent a $500 fee for representation with regard to bankruptcy matters. In November of 1986, having received no information from the respondent, Johnson went to the respondent's office and learned that the respondent had left Colorado Springs. Johnson has never heard from the respondent, and has not regained the documents he left or the $500 fee. This conduct of the respondent violated C.R.C.P. 241.6 and Disciplinary Rules DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law); DR6–101(A)(3) (neglecting a legal matter); DR7–101(A)(2) (failing to carry out a contract of employment for professional services); and DR9–102(B)(4) (failing to pay funds and deliver property to a client promptly upon request).

G. Scott Briggs was appointed inventory counsel for an attorney with whom the respondent had previously shared offices in Colorado Springs. On November 19, 1986, Briggs sent a letter to the respondent advising him that he possessed numerous files and unopened correspondence belonging to the respondent. Briggs requested instructions from the respondent, and reminded the respondent of the respondent's responsibility to withdraw as attorney of record where appropriate. The respondent

---

1. Communications have been sent by certified and regular mail to the respondent at Colorado Springs addresses listed with the Clerk of the Colorado Supreme Court as his residence and office addresses and at an Atlanta, Georgia, address where the respondent at one time practiced law. Although most of the envelopes were returned unclaimed, the record supports the Committee's conclusion that the respondent received notice of the July 27, 1987, hearing.

failed to reply to this communication. This conduct violated C.R.C.P. 241.6, DR1–102(A)(1) (violation of a disciplinary rule) and DR1–102(A)(5) (engaging in conduct prejudicial to the administration of justice).

With regard to case No. GC 87A–49, Marlene Williams retained respondent to represent her in a dissolution of marriage proceeding in the El Paso County District Court in May of 1986, and paid $175 to the respondent as a retainer. Two weeks later, Williams went to the respondent's office and was informed he was no longer available. She has not heard from the respondent and did not receive any refund of her $175. Although her action was dismissed for failure to prosecute, it was later reinstated. The respondent failed to reply to communications from the Grievance Committee addressed to his Colorado Springs registered address concerning the complaint.

The respondent's conduct violated C.R.C.P. 241.6(7) and DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR1–102(A)(5) (engaging in conduct prejudicial to the administration of justice); DR6–101(A)(3) (neglecting a legal matter); DR7–101(A)(2) (failing to carry out a contract of employment for professional services); DR7–101(A)(3) (prejudicing a client during the course of a professional relationship); and DR9–102(B)(4) (failing to pay funds and deliver properties to a client promptly upon request). The respondent's repeated refusals to assist his client and to communicate with the Committee also violated DR1–102(A)(6) (engaging in conduct adversely reflecting on the attorney's fitness to practice law) and C.R.C.P. 227(A)(2)(b) (requiring attorneys to file supplemental statements of any change in home or business addresses within thirty days of the change). Further, the respondent's failure to reply to the citations in these cases constitutes a separate violation of C.R.C.P. 241.6(7) in each case.

On April 13, 1987, this court suspended the respondent from the practice of law and ordered him to comply with all the provisions of the Colorado Rules of Civil Procedure respecting termination of legal matters, giving notice to clients and opposing counsel and maintaining records of compliance. *People v. Danker,* 735 P.2d 874 (Colo.1987). The Committee concluded that the respondent chose to abandon his practice and leave the state rather than comply with those orders. It is undisputed that in the two instances brought to the attention of the Committee the respondent failed to notify clients of his location, failed to return fees paid in advance for his services, and failed to return important documents needed by his clients. Such conduct clearly violates the duty of every attorney to represent a client's interests competently and in good faith, and falls substantially below the level of minimal competency in representation of client interests required of all members of the Bar. We conclude that the record amply supports the Committee's recommendation that the respondent be disbarred from the practice of law in this state.

Accordingly, the respondent, Daniel Guy Danker, is hereby disbarred and his name is ordered stricken from the roll of attorneys licensed to practice before this court. The respondent is ordered to pay the costs of these proceedings, in the amount of $174.64, to the Supreme Court Grievance Committee, 600–17th Street, Suite 500–S, Denver, Colorado 80202, within thirty days from the date of the announcement of this opinion. It is further ordered that the respondent shall not be readmitted to the bar of this state until he shall have made restitution to Daniel Johnson in the amount of $500 plus interest at the statutory rate from June 3, 1986, and to Marlene Williams in the amount of $175 plus interest at the statutory rate from May 31, 1986.[2] The respondent's readmission is further conditioned on full compliance with C.R.C.P. 241.22(a) and proof of payment of costs.

2. The record does not indicate precisely when in May of 1986 the Williams retainer was paid.