This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                          **NO. 29,949**

**JAVIER HURTADO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Craig C. Kling
Craig C. Kling
San Diego, CA

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant was convicted of DWI and driving on a suspended or revoked license. Defendant challenges the sufficiency of the State's showing with respect to the enhancement of his sentence based on prior DWI convictions. We proposed to affirm in a calendar notice, and Defendant responded with a memorandum in opposition. We have carefully considered Defendant's arguments, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

Defendant continues to claim that the prior convictions used to enhance his sentence were invalid because there is no evidence that counsel was provided or there is no waiver of counsel on file. In our calendar notice, we proposed to hold that presentation of a certified judgment and sentence, along with the admissions in the plea agreement constituted a sufficient showing by the State that the prior convictions were valid. We also proposed to hold that Defendant failed to present documentary evidence or testimony to support his collateral attack on the prior DWI convictions, and moreover, that Defendant agreed, in his plea agreement, to waive any collateral attack on the validity of the convictions.

In his memorandum in opposition, Defendant makes his arguments pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M.

655, 712 P.2d 1 (Ct. App. 1985). Along with other arguments that were previously made, Defendant argues that this case involves a "complete lack of waiver form" and not just a missing signature, and therefore, this case should be assigned to the general calendar. As discussed in our calendar notice, Defendant voluntarily entered into a plea agreement that listed five prior DWI convictions. [RP 48-49] Defendant admitted that the convictions were valid, and that his constitutional rights, including the right to counsel, were explained to him at the time the convictions were obtained. [RP 50] Defendant waived any collateral attack on the validity of the convictions and agreed to not contest the validity of the convictions. [RP 50-51] The agreement was signed by Defendant and approved by the district court. We hold that the prior convictions were valid for purposes of enhancement of Defendant's sentence.

For the reasons discussed above and in our calendar notice, we affirm Defendant's convictions and the enhancement of his sentence.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

3

**CYNTHIA A. FRY, Chief Judge**

**TIMOTHY L. GARCIA, Judge**

4