This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO. 34,145**

**DAVID A. ENRIQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Defendant David Enriquez appeals from his conviction for possession of cocaine, challenging the sufficiency of the evidence to support his conviction. In this Court's notice of proposed disposition, we proposed to affirm. Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2} In our calendar notice, we proposed to conclude that there was sufficient evidence from which the jury could conclude that Defendant had knowledge and control of the cocaine. Defendant responded with a memorandum in opposition, in which he recites the same facts and continues to raise the same arguments that he made in his docketing statement. Because we have already addressed Defendant's arguments in detail in our notice of proposed disposition, we refer Defendant to our responses therein. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{3} To the extent that Defendant asserts that the State failed to establish that he had knowledge of the "very small piece of saran wrap containing cocaine" because he denied ownership of the cocaine, there was evidence that he "appeared shocked [when the] cocaine was discovered in his wife's car[,]" and the officer testified that "someone getting in and out of the car . . . would not have seen the substance or known that it was present[,]" we are not persuaded. [MIO 6, 7] As we stated in our calendar notice, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (stating that we do not reweigh the evidence or substitute our judgment for that of the factfinder as long as there is sufficient evidence to support the verdict).

{4} For the reasons set forth in our notice of proposed disposition and herein, we affirm.

{5} **IT IS SO ORDERED.**

_____

                                    **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**