This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ALLAN MELTZER and LARRY MELTZER,**
**as Co-Personal Representatives of the Estate**
**of MARTIN J. MELTZER, Deceased,**

Plaintiffs-Appellees,

v.                                                            NO. A-1-CA-36566

**KERRY KRUSKAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Abigail Aragon, District Judge**

Richard De Stefano
Taos, NM

for Appellees

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1} This case began with a complaint for release of a mortgage lien, a quiet title claim, and a claim for damages. [RP 1] Judgment was granted in favor of Plaintiffs Allan and Larry Meltzer (the Meltzers) in 2010 [RP 1003-07]; Defendant Kerry Kruskal appealed [RP 1010-16]; and this Court affirmed the judgment in *Meltzer v. Kruskal*, No. 30,326, mem. op. (N.M. Ct. App. Feb. 29, 2012) (non-precedential). Now, Kruskal, a self-represented litigant, appeals from two orders pertaining to payment of the judgment. We issued a notice of proposed disposition on November 2, 2017, proposing to summarily affirm. On November 20, 2017, Kruskal filed a timely response, which he titled "Motion to Reconsider Proposed Summary Disposition and Simplified Suppl[e]mental Response." We have construed this pleading as a timely filed memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

{2} As a prefatory matter, we note that on February 1, 2018, Kruskal filed two additional pleadings: (1) a second response titled "Motion to Reconsider Proposed Summary Disposition and Simplified Suppl[e]mental Response," and (2) a pleading titled "Supplemental Brief—(New Evidence)—Affidavit [o]f Kerry Kruskal." The time for filing a memorandum in opposition is twenty days from the date this Court issues the notice of proposed disposition. *See* Rule 12-210(D)(3) NMRA. Given that the time for Kruskal to file a memorandum in opposition had passed, these pleadings were untimely. Moreover, our rules do not permit parties to file supplemental

memoranda in opposition. *See* Rule 12-210(D). Thus, because Kruskal's supplemental memoranda in opposition are untimely and not filings contemplated by our summary calendar process, we do not consider them. Instead, we limit our review to the MIO, filed November 20, 2017.

{3}     As discussed in our notice of proposed disposition, this Court is a reviewing court, and our role in this case is only to review for error in the district court's rulings. [CN 4] *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the district court is correct and the burden is on the appellant to clearly demonstrate that the district court erred). We clarified that in this appeal, we are called to review the district court's final order on judgment creditors' motion for orders and the order on Kruskal's motion to reconsider, and Kruskal bears the burden of clearly demonstrating how the trial court erred. [CN 4-5] We further noted that the final order sets forth the judgment balances due [RP 1878-80], and the order denying Kruskal's motion to reconsider provides that Kruskal "has failed to submit proof by a preponderance of the evidence that the Judgment has been satisfied" [CN 5 (quoting RP 1914)].

{4}     In our notice of proposed disposition, we stated that in any response Kruskal wished to file, he was required to demonstrate how the district court erred with respect to the two orders on appeal. [CN 5] Specifically, we instructed Kruskal to explain why the judgment figures are incorrect and to plainly and simply state what evidence he

provided to the district court regarding payments he made toward the judgment. [CN 5] We advised that failure to do so would result in affirmance. [CN 5] *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (refusing to grant relief where the defendant's memorandum in opposition to our proposed summary disposition failed to provide this Court with a summary of all the facts material to our consideration of the issue raised in the docketing statement).

{5}     In his MIO, Kruskal states that he is confused, and it is his position that the district court "finds a way to rule against [him] without explanation." [MIO PDF 3] He further discusses three points of error. [MIO PDF 3-6] First, Kruskal claims that he is entitled to a lien release and a refund of collection fees. [MIO PDF 3-5] Second, Kruskal asserts that attorney Richard DeStefano is changing his testimony regarding attorney fees. [MIO PDF 5-6] Third, Kruskal claims that the district court did not have discretion to award collection fees unless it was included in the original contract with regard to collections. [MIO PDF 6] Kruskal asks this Court to release the lien against him, to order a refund of collection fees, and to rule that DeStefano cannot change his testimony. [MIO PDF 3, 6] In the alternative, Kruskal asks this Court to clarify the district court's decision so that "he can defend the legal premise (or authority) that the district court is relying on." [MIO PDF 6]

{6}     In support of these arguments, Kruskal claims that he "has now twice demonstrated that he is entitled to a full release." [MIO PDF 4] He proceeds to argue

4

that he was overcharged, DeStefano stole money, DeStefano was not entitled to attorney fees, and the Meltzers have admitted that they were paid in full. [MIO PDF 4-6] These assertions and arguments are not evidence. *Cf. Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence.").

{7}     Despite our instructions to do so, Kruskal did not "explain why the judgment figures are incorrect" or "plainly and simply state what evidence he provided to the district court regarding payments he made towards the judgment." [CN 5] Because Kruskal has not met his burden on appeal, we affirm. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{8}     While we note Kruskal's confusion with the legal issues in this case and his request that this Court clarify the district court's decision [MIO PDF 3, 6], that is not

the function of this Court. *Cf. Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (citation omitted)).

{9}     Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

{10}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**EMIL J. KIEHNE, Judge**